[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11238
Non-Argument Calendar

_____

D. C. Docket No. 06-00057-CR-RDP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN STELLIOS DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 8, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Appellant pled guilty to knowingly transporting and shipping in interstate commerce, by computer, child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and was sentenced at the low end of the Guidelines sentence range to prison for a term of 235 months.[1]  He appeals his sentence, contending that (1) the district court enhanced his sentence range based on evidence established by a preponderance of the evidence, in derogation of the rule established by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and (2) the district court failed properly to consider the sentencing factors of 18 U.S.C. § 3553(a) in arriving at his sentence.

We reject appellant's first contention because the court, in treating the Guidelines as advisory rather than mandatory, did not commit Booker error.  We turn then to appellant's second point, that the court failed properly to consider the § 3553(a) factors in fashioning the sentence.

Section 3553(a) lists several factors a court must consider in determining a reasonable sentence:  (1) the nature and circumstances of the offense and the

---

[1]  The sentence range the Guidelines prescribed called for a term of imprisonment of 235 to 293 months.  The maximum sentence prescribed by statute was 20 years.  Because the Guidelines sentence range of 235 to 293 months exceeded that maximum, the high end of the range became 240 months.

history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence to criminal conduct; (4) the need to protect the public from further crimes by the defendant; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The weight the court gives to a particular § 3553(a) factor is a matter committed to the court's sound discretion. Here, the record establishes that district court considered the § 3553(a) factors and then concluded that the sentence it imposed was appropriate to satisfy the purposes of sentencing. We find no basis in the record for disturbing appellant's sentence. It is accordingly

AFFIRMED.